IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LLOYD LONDON

JANE DOES 1-4                                                    PLAINTIFFS

v.                                    CASE NO.  07-2087

GLYN DALE REECE; JIMMY DORNEY,
Sheriff, Johnson County; RUTH ANN HOWELL,
Administrator, Johnson County Jail; DENNIS C.
SUTTERFIELD, Circuit Judge, Johnson County;
MICHAEL HELMS, Public Defender; DAVID
GIBBONS, Prosecuting Attorney; JERRY DORNEY,
Chief Deputy, Johnson County; GORDON McCAIN,
Judge, Johnson County; MIKE BEEBE, Governor of Arkansas;
 and BRUCE WILSON, States Attorney, Johnson County;        DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        Plaintiff, an inmate at the Johnson County Jail, originally filed his Complaint pursuant to 42 U.S.C.

§ 1983 in the Eastern District of Arkansas.  Plaintiff's case was transferred to this district on August 22,

2007.  Plaintiff's Motion to proceed *in forma pauperis* was granted on September 26, 2007.  The complaint

was provisionally filed prior to a determination of service of process.

I.  Background

        Plaintiff's lengthy Complaint states that "several individuals" conspired to deprive him of due

process.  Plaintiff also appears to make claims regarding obstruction of justice, search and seizure protection,

and cruel and unusual punishment.  The Court will briefly summarize the Plaintiff's contentions.

        Plaintiff states that he was arrested based on a false warrant and came before Defendant Judge

Sutterfield.  Plaintiff indicates that at the time he appeared before Judge Sutterfield, he had a writ of habeas

corpus to file.  Plaintiff also states more than seventy-two hours had passed from his arrest and his court

appearance and that he was prevented from speaking to his witness.  While Plaintiff was appointed a public

defender, Defendant Michael Helms, Plaintiff states Helms did not argue his writ.  Helms indicated to

Plaintiff that the writ could not be filed or argued until a criminal case had begun.  Plaintiff also states he

filed several motions which were denied by Judge Sutterfield.  Judge Sutterfield, also filed an Order for Plaintiff not to burden the court with pro se motions when he was represented by counsel.

Plaintiff states the sheriff and his agents committed fraud and perjury to obtain a search warrant. Further, Plaintiff alleges evidence was "planted" and the location of found evidence was changed.  Plaintiff states Defendant Jerry Dorsey tampered with his witnesses Linda Reece and Donna Brown as well as committed fraud, perjury on a search and seizure warrant.  Dorsey is also alleged to have withheld favorable evidence and to have threatened Linda Reece.

Defendant Ruth Ann Howell is alleged to have "aligned herself" with the prosecutor and refused Plaintiff due process and access to courts.  She is also alleged to have failed to mail Plaintiff's letters or file his legal documents.

Defendant Glyn Reece is alleged to have knowingly filed a false complaint.

II.  Discussion

A.  Plaintiff's Claims Against Judges McCain and Sutterfield, Prosecutors David Gibbons, and Bruce Wilson and Public Defender Michael Helms

Plaintiff names Johnson County Circuit Judges Gordon McCain and Dennis C.  Sutterfield, Johnson County Prosecuting Attorney David Gibbons, and "States Attorney" Bruce Wilson as Defendants in this suit, as well as Public Defender Michael Helms.  To the extent Plaintiff attempts to name a judge a defendant in a Section1983 case, this claim is subject to dismissal as judges are immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994).  Judges McCain and Sutterfield, appear to be acting within their official judicial capacities at the time of the alleged constitutional deprivation.  "Judges performing judicial functions enjoy absolute immunity from [Section] 1983 liability."  *Robinson v. Freeze*, 15

F.3d 107, 108 (8th Cir. 1994).  Moreover, even if Defendant McCain or Sutterfield's actions were in error, malicious, or in excess of his authority, judicial immunity would still apply.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (holding that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

Judicial immunity is overcome in two situations:  (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.  It is clear from the allegations of the Complaint that neither situation applies here, and Judges Sutterfield and McCain are immune from suit under the facts in this case.

Plaintiff also cannot obtain declaratory and injunctive relief against Judges McCain or Sutterfield. In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104  (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309 (c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp.2d at 210.  As amended by the FCIA, Section 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a  declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met.  Thus, to the extent Plaintiff seeks injunctive relief against Judges McCain and Sutterfield, his claims are subject to dismissal.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of

a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000) (claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987) (citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam*, 466 U.S. at 542 & n. 22; *see also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).

An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by an extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted); *see also Nelson v. Com*, No. CIV. A. 97-6548, 1997 WL 793060, at *2 (E.D. Pa. Dec. 9, 1997) (holding appellate review of conviction provides plaintiff an adequate remedy under state law); *see also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481, 482-83 (2001) (discussing when a writ of prohibition is appropriate). Here, Plaintiff had an adequate remedy at law, namely a direct appeal of his conviction or seeking state post-conviction relief, and is thus not entitled to equitable relief.

Plaintiff's complaint against prosecutors Wilson and Gibbons is also subject to dismissal because prosecuting attorneys are also immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 for all actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately

associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint and addendums, it is clear the actions of the defendant prosecuting attorneys were taken in "initiating" and "presenting" a criminal case against the Plaintiff and the defendants are entitled to absolute immunity in this case. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (finding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorneys, this is not cognizable in a Section 1983 case. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *See id.* at 542 & n.22.; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

Plaintiff's claims against his former counsel, public defender Michael Helms, are also subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). Generally, a public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law. *West v. Atkins,* 487 U.S. 42 (1988) (citations omitted). However, in *Polk County v.*

*Dodson*, 454 U.S. 312, 325 (1981), the United States Supreme Court held that a public defender does not act under color of state law for purpose of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Therefore, because plaintiff's complaint against Michael Helms is based on his performance of duties as a public defenders, Plaintiff's complaint must be dismissed.

Accordingly, it is the recommendation of the undersigned that Plaintiff's claims against Judges McCain and Sutterfield, and Attorneys Wilson, Gibbons, and Helms be dismissed.

B.  <u>Plaintiff's Claims Against Governor Mike Beebe</u>

A suit against the Governor in his "official" capacity is a suit against a state official and "another way of pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 87 L.Ed.2d 114, 121 (1985).  In other words, the suit is against the state of Arkansas itself. However, the State of Arkansas and its agencies and officials have not consented to be sued in the federal courts.  *See, Burk v. Beene*, 948 F.3d 489, 492 (8th Cir. 1991). Moreover, a defendant in an action under Section 1983 sued in an individual capacity must have a personal involvement in the alleged wrongs, and that liability cannot be predicated solely on the operation of *respondeat superior*.  *See, Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981).

Plaintiff's complaint lacks any allegation that the Governor did (or failed to do) anything that violated any federal statutory or constitutional right of Plaintiff.  The liability Plaintiff attempts to connect to the Governor appears to be solely premised on r*espondeat-superior*.  Thus, there is no allegation of personal involvement by the Governor, and no Section 1983 liability can attach. Plaintiffs claims against Governor Beebe should be dismissed.

C.  Plaintiff's Claims Against Defendant Glyn Dale Reece

Plaintiff has named Glyn Dale Reece as a Defendant in his lawsuit.  From the Complaint, it is clear that Mr.  Reece is not a state actor and amenable to suit under 42 U.S.C. § 1983.  Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. *See Miller v. Compton,* 122 F.3d 1094, 1098 (8th Cir.1997). The plaintiff must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States. *See Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993); *see also Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005) (under § 1983, plaintiff must establish not only that private actor caused deprivation of constitutional rights, but also that private actor willfully participated with state officials and reached mutual understanding concerning unlawful objective of conspiracy).

In his Complaint, Plaintiff does not allege any conspiracy with Reece and the state actor Defendants.  Rather, Plaintiff only alleges that Reece filed a false complaint upon which the warrant was based.  Accordingly, Plaintiffs claims against Defendant Reece should be dismissed.

D.  Plaintiffs Jane Does 1-4

Plaintiff has named Jane Does 1-4 as co-Plaintiffs in this case.  However, in his Complaint he does not state what claims the Jane Does may have or how they are related to his case.  Jane Does 1-4 have not signed the complaint and their presence in the case appears to be solely motivated by Plaintiff.  Moreover, a prisoner cannot bring claims on behalf of other prisoners. *See Miner v. Brackney,* 719 F.2d 954, 956 (8th Cir. 1983 ) (per curiam), *cert. denied,* 467 U.S. 1259 (1984); *Carter v. Romines,* 560 F.2d 395, 395 (8th Cir. 1977) (per curiam), *cert. denied,* 436 U.S. 948

(1978).  Accordingly, it is the recommendation of the undersigned that Jane Does 1-4 be dismissed as Plaintiff's to this action.  It is further recommended that this dismissal be without prejudice.

III.  Conclusion

For the foregoing reasons, it is the recommendation of the undersigned that Plaintiff's claims against Defendants Reece, Sutterfield, Helms, Gibbons, McCain, Beebe, and Wilson be DISMISSED on the grounds these individuals are immune from suit or are not state actors for Section 1983 liability to attach. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).   It is further recommended that Plaintiffs Jane Does 1-4 also be dismissed at this time.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 27th day of September 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE