IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LLOYD LONDON                                                                                    PLAINTIFF

v.                                           CASE NO. 07-2087

JIMMY DORNEY, Sheriff, Johnson County;
RUTH ANN HOWELL, Administrator,
Johnson County Jail; JERRY DORNEY,
Chief Deputy, Johnson County                                                           DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. 15). Plaintiff proceeds pro se and *in forma pauperis*.

Plaintiff's Motion for Preliminary Injunction makes several requests for relief including the following: order Sheriff Dorney to formally file charges against Glenn Reece, order depositions, stop witness tampering, restrain testimony, order law library time, order clothing provided to Plaintiff, order transportation for Plaintiff to Tennessee, restrain mail tampering, order a transcript, and order discovery. The requests for relief appear to be related to Plaintiff's criminal case pending in state court.

In deciding a motion for a preliminary injunction, a district court balances four factors, the often quoted "*Dataphase* Factors": (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). A preliminary injunction is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.,* 815 F.2d 500, 503 (8th

Cir.1987), and the burden of establishing the propriety of an injunction is on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995). The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir.1987).

Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir.1996); *Gelco,* 811 F.2d at 420. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Bandag, Inc. v. Jack's Tire & Oil, Inc.,* 190 F.3d 924, 926 (8th Cir.1999) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (1959)). When there is an adequate remedy at law, a preliminary injunction is not appropriate. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989).

As Plaintiff's requests would require an intervention of the district court in a state court proceeding, the court must also address the issue of abstention. It is clear Plaintiff's Section 1983 claim for injunctive relief is without merit. There is no doubt Plaintiff's state court case is criminal in nature, as such, a federal court is barred from enjoining that proceeding absent unusual circumstances not present here. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger,* the Supreme Court held that federal courts as a rule should abstain from exercising jurisdiction when asked to enjoin pending state criminal proceedings. *Id.* at 56. The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings. The doctrine is based on comity and federalism. *See Ronwin v. Dunham,* 818 F.2d 675, 677 (8th Cir.1987) (citing *Younger,* 401 U.S. at 44, 91 S.Ct. at

750).

Despite the concerns underlying the *Younger* abstention principle, however, in certain cases the duty of the federal courts to vindicate and protect federal rights must prevail over the policy against federal court interference with state criminal proceedings. The federal courts have consistently and repeatedly affirmed that their abhorrence of enjoining a pending state prosecution must yield when the state prosecution threatens a party with "great and immediate irreparable injury." *See, e.g., Younger,* 401 U.S. at 56; *Dombrowski v. Pfister,* 380 U.S. 479, 485-87 (1965); *Collins v. County of Kendall,* 807 F.2d 95, 98 (7th Cir.1986); *Rowe v. Griffin,* 676 F.2d 524, 525 (11th Cir.1982); *Fitzgerald v. Peek,* 636 F.2d 943, 944 (5th Cir.), *cert. denied,* 452 U.S. 916 (1981); *Munson v. Janklow,* 563 F.2d 933, 935 (8th Cir.1977); *Timmerman v. Brown,* 528 F.2d 811, 815 (4th Cir.1975).

The requisite threatened injury must be more than simply "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution . . .." *Younger,* 401 U.S. at 46. The injury threatened is both great and immediate, however, when "defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights," *Dombrowski,* 380 U.S. at 485, or when the prosecution is initiated in bad faith or to harass the defendant. *See, e.g., Cameron v. Johnson,* 390 U.S. 611, 617-18 (1968); *Central Ave. News, Inc. v. City of Minot,* 651 F.2d 565, 568-70 (8th Cir.1981). In this context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant,* 421 U.S. 117, 126 n. 6 (1975); *see also Central Ave. News,* 651 F.2d at 570. Bad faith and harassing prosecutions also encompass those prosecutions that are initiated to retaliate for or discourage the exercise of constitutional rights. *See, e.g., Younger,* 401 U.S. at 48 ( *Dombrowski* defendants were

threatened with great and immediate irreparable injury because prosecutions were initiated "to discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana.") (quoting *Dombrowski,* 380 U.S. at 482); *Heimbach v. Village of Lyons,* 597 F.2d 344, 347 (2d Cir.1979) (per curiam) (allegation that state criminal prosecution was initiated to chill first amendment rights sufficient to remove *Younger* bar against federal court interference).

A showing that a prosecution was brought in retaliation for or to discourage the exercise of constitutional rights "will justify an injunction *regardless* of whether valid convictions conceivably could be obtained." *Fitzgerald v. Peek,* 636 F.2d 943, 945 (5th Cir.1981) (emphasis added). The state does not have any legitimate interest in pursuing such a prosecution; "[p]erhaps the most important comity rationale of *Younger* deference-that of respect for the State's legitimate pursuit of its substantive interests-is therefore inapplicable." *Wilson v. Thompson,* 593 F.2d 1375, 1383 (5th Cir.1979) (citations omitted).

Plaintiff has alleged his prosecution in the state court was based, at least in part, on false charges and affidavits made by Glenn Reece and Sheriff Dorney.  However, Plaintiff has not indicated the state prosecution is an effort to circumvent any constitutional rights he was asserting or was begun with a vindictive motive.

In addition to *Younger*, the *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. A federal district court has jurisdiction over general constitutional

challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995) (citations omitted). *See also Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065-66 (8th Cir.1997).

In Plaintiff's case, his state criminal case has not been heard. Plaintiff still has his right to appeal and other post-conviction relief in the event he is convicted in his criminal case. Moreover, any ruling by this court would not only be premature, but could run afoul of the *Rooker-Feldman* doctrine.

Accordingly, it is recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 15) be DENIED.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 11th day of December 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE